UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDGEWATER VILLAGE
CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.                                              Case No.: 2:20-cv-807-FtM-38NPM

ARDIS BALIS,

    Defendant.
_____/

## ORDER TO SHOW CAUSE[1]

Before the Court is Defendant Ardis Balis' Notice of Removal (Doc. 1). Plaintiff Edgewater Village Condominium Association, Inc. filed this case in state court. Balis removed, contending this case is related to an action pending before Judge Steele (*Balis v. Martin*, No. 2:20-cv-435 (M.D. Fla.)). Without explanation, Balis says the Court has jurisdiction here on diversity, federal question, and supplemental bases. As a pro se party, the Court liberally construes Balis' filings. Because, however, the Notice does not explain why the Court has jurisdiction, Balis must do so or the Court will remand this case to state court for lack of subject-matter jurisdiction.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and an amount in controversy over $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Likewise, federal jurisdiction exists when an action arising under federal law appears on the face of a well-pled complaint. 28 U.S.C. § 1331; *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002). If a federal court has an independent jurisdictional basis, it may exercise supplemental jurisdiction over certain claims that alone would not confer federal jurisdiction. 28 U.S.C. § 1367.

Here, Balis' one-sentence conclusion the "Court has jurisdiction over these matters based on diversity of citizenship, supplemental jurisdiction and Federal constitutional issues" is not enough to carry a removing defendant's burden. *See* (Doc. 1 at 2). It shows neither complete diversity between the parties nor a sufficient amount in controversy. Similarly, Balis does not explain how the Court

has federal-question jurisdiction, and there does not appear to be a federal question on the face of the Complaint (Doc. 2). Because there is no indication the Court has original jurisdiction, supplemental jurisdiction is irrelevant. And while Balis claims this case is related to another pending matter, that is not a basis to remove this separate lawsuit. Thus, Balis must show cause, in writing, why this case should not be remanded to state court for lack of subject-matter jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendant must **SUPPLEMENT** the Notice of Removal (Doc. 1), **on or before November 2, 2020**, to show cause, in writing, why this case should not be remanded for lack of subject-matter jurisdiction. **Failure to comply with this Order will result in remand of the case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 19, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record