UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDGEWATER VILLAGE
CONDOMINIUM ASSOCIATION,
INC., a Florida not-for profit
Corporation

        Plaintiff,

v.                                      Case No.: 2:20-cv-807-FtM-38NPM

ARDIS BALIS,

        Defendant.
_____/

# ORDER[1]

Before the Court is Defendant Ardis Balis' response (Doc. 6) to the Court's Order to Show Cause (Doc. 4). Balis tried to show cause why this case should not be remanded for lack of jurisdiction. Having concluded it's without subject-matter jurisdiction, the Court remands.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and an amount in controversy over $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Likewise, federal jurisdiction exists when an action arising under federal law appears on the face of a well-pled complaint. 28 U.S.C. § 1331; *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002).

After the opportunity to respond, Balis still fails to show this Court has subject-matter jurisdiction over this case.

To start, much of Balis' argument revolves around matters in a separate case before Judge Steele (*Balis v. Martin*, No. 2:20-cv-435 (M.D. Fla.)). Yet to remove, the Court must have original jurisdiction over **this** case—not some other one.

Balis' remaining contentions are that the Plaintiff Edgewater Village Condominium Association, Inc. is not the proper plaintiff. Instead, says Balis, two people improperly claiming to be directors of Edgewater should have sued. Those individuals are not plaintiffs in this case; Edgewater is the only Plaintiff.

2

Whether those individuals had standing to sue in state court on Edgewater's behalf (or if they even did so) is not a question the Court can answer on this briefing. Balis points to a rule allowing a federal court to exercise supplemental jurisdiction when a plaintiff dismisses a federal claim simply to defeat jurisdiction after removal. That rule, however, does not apply on these facts. Likewise, to the extent that the Court can liberally construe a fraudulent joinder argument, it fails in this scenario. Even if a defendant can claim fraudulent joinder of a plaintiff—a question the Court need not decide—Balis did not meet that heavy burden to show Edgewater was fraudulently joined. *Hodach v. Caremark RX, Inc.*, 374 F. Supp. 2d 1222, 1224-26 (N.D. Ga. 2005).

Assuming arguendo the Court could disregard Edgewater as a party, jurisdiction is still unsettled. Balis' domicile is unclear. Nor is an amount in controversy alleged. Balis simply contends the other federal case is worth $1.3 million. But again, it's the Court's jurisdiction over this case that's relevant. And the causes of action in the two cases are distinct. Here, Edgewater seeks a declaration and injunction. In the other case, Balis alleges breach of contract and a laundry list of torts. Put simply, Balis cannot rely on the amount in controversy alleged in the separate case.

Because Balis failed to carry the burden on a removing defendant, the Court remands for lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c). To

be clear, the ruling is limited to this case. It does not affect Balis' other pending case in federal court.

Accordingly, it is now

**ORDERED:**

(1) This case is **REMANDED for lack of subject-matter jurisdiction** to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

(2) The Clerk is **DIRECTED** to terminate any pending motions or deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on November 3, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record